*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* J. HOSEIT, Minor.

UNPUBLISHED
June 11, 2019

No. 347103
Otsego Circuit Court
Family Division
LC No. 17-000081-NA

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's December 4, 2018 order terminating her parental rights to the minor child, JH, under MCL 712A.19b(3)(g).[1] For the reasons set forth in this opinion, we vacate the court's order and remand for further proceedings.

Petitioner filed a petition requesting the trial court take jurisdiction over JH in September 2017. Respondent pleaded to jurisdiction in October 2017. The permanency goal was initially reunification; however, on June 26, 2018, a supplemental petition seeking termination of respondent's parental rights under MCL 712A.19b(3)9g) was filed. Termination was not sought on any other statutory ground. Although MCL 712A.19b(3)(g) was substantively amended effective June 12, 2018, to require the trial court to inquire into the parent's financial ability to provide proper care and custody, see 2018 PA 58, petitioner relied on the pre-amendment version of the statute.[2]

---

[1] In a prior order, the trial court terminated the parental rights of JH's father. He is not a party to this appeal.

[2] Under the pre-amendment version of the statute, a court could terminate parental rights if "[t]he parent, without regard to intent, fails to provide proper care or custody for the child," with no reasonable expectation that the parent would provide proper care and custody in a reasonable amount of time, given the child's age. See In re White, 303 Mich App 701, 710; 846 NW2d 61 (2014) (quoting the prior version of MCL 712A.19b(3)(g)). Under the new version of the statute, termination is warranted where "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child. . . ." MCL 712A.19b(3)(g), as amended by 2018 PA 58.

Subsequently, on December 4, 2018, approximately three and a half months after the statute was amended, the trial court—also relying on the pre-amendment version of MCL 712A.19b(3)(g)—found that there was clear and convincing evidence to terminate respondent's parental rights. This was an error of law. A statute is operational on its effective date. *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 12; 740 NW2d 444 (2007).

Because the trial court applied the wrong version of MCL 712A.19b(3)(g), we vacate the court's order terminating respondent's parental rights and remand to the trial court. The purpose of the remand is solely for the trial court to make findings under the amended version of MCL 712A.19b(3)(g), *i.e.*, the version in effect at the time of termination. See 2018 PA 58. The court shall enter a final order based on those findings. The court does not need to make additional findings on best interests, nor is it required to take additional evidence. We retain jurisdiction for the purpose of reviewing the court's findings under the amended version of the statute. After remand we will also review respondent's challenge to the court's best-interests determination.

Vacated and remanded for proceedings consistent with this opinion.

/s/ Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly

-2-

# Court of Appeals, State of Michigan

## ORDER

Patrick M. Meter
Presiding Judge

In re J Hoseit Minor

Docket No. 347103

Kathleen Jansen

LC No. 17-000081-NA

Michael J. Kelly
Judges

Pursuant to the opinion issued concurrently with this order, the Court orders that the December 4, 2018 order terminating parental rights is VACATED, and this matter is REMANDED to the Family Division of the Otsego Circuit Court solely for the family court to make findings under the amended version of MCL 712A.19b(3)(g). See 2018 PA 58. This Court retains jurisdiction in the case.

Upon the expiration of the 28-day period in which to file an application for leave to appeal in the Supreme Court, MCR 7.305(C), or after disposition of the matter by the Supreme Court if an application for leave to appeal is filed in that Court, the family court shall make its findings and enter its final order based on those findings; the remand proceedings shall be given priority until completed. The parties shall promptly file with this Court a copy of all briefs, exhibits, and other documents filed on remand. Within seven days after entry, appellant shall file with this Court a copy of the final order entered on remand. The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Either party may file a supplemental brief pertaining to the issues raised on remand within 14 days after entry of the family court's order deciding the matter or 14 days after the transcript of the hearing is filed, whichever is later. The responsive party may file a supplemental brief in reply. Alternatively, the parties may file a stipulation to dismiss this appeal.

/s/ Patrick M. Meter

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

June 11, 2019
Date

Chief Clerk